UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ,<br><br>          Plaintiff,<br><br>v.<br><br>R. SAMBRANO, *et al.*,<br><br>          Defendants. | Civil No. 04cv1833-L(PCL)<br><br>**ORDER**<br>**(1) OVERRULING DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION;**<br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br>**(3) DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

      Plaintiff Alberto Vera Jimenez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. After Defendants' motion to dismiss was granted in part, the only remaining claims in the case are a First Amendment claim for retaliation and an Eighth Amendment claim for excessive force against correctional officers Alfonso Alvarado and Richard Sambrano. (*See* Order: (1) Adopting in Part and Rejecting in Part Report and Recommendation; (2) Granting in Part and Denying Part Motion to Dismiss, filed Mar. 30, 2006.)

/ / / / /

Plaintiff alleges Defendants ordered him out of his cell for a cell search. Plaintiff refused because he believed Officer Sambrano was retaliating against him for having reported his taking of Plaintiff's personal property from his cell during prior searches. Instead of leaving his cell, Plaintiff requested to speak to a ranking officer. Defendants then "charged" into Plaintiff's cell and attacked him "with excessive violent force," causing him serious bodily injury, including a 1½ inch laceration above his left eyebrow, fractured nose, and bruises all over his body. In addition, Plaintiff alleges that Defendant Sambrano knew Plaintiff had recently undergone a cornea transplant, but nevertheless sprayed pepper spray in his eyes five to six times, causing damage to Plaintiff's eyesight. (*See* First Am. Compl. at 2-6.)

Defendants Alvarado and Sambrano filed a motion for summary judgment, and Plaintiff cross-moved for a judgment as a matter of law. The Magistrate Judge issued a Report and Recommendation, recommending Defendants' summary judgment motion be granted with respect to the retaliation claim and denied with respect to the excessive force claim. He also recommended Plaintiff's motion be denied. Defendants objected to the Report and Recommendation to the extent it recommends denying summary adjudication of the excessive force claim. Plaintiff responded to Defendants' objections. For the reasons which follow, Defendants' objections are overruled.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

Defendants object to the Magistrate Judge's finding that evidence in the record raises a genuine issue of material fact whether Defendants used excessive force on Plaintiff. (*See* R&R at 7-8.) They maintain that Plaintiff did not provide any admissible evidence to counter the

evidence they had presented. Plaintiff responded by pointing to the pertinent portions of his exhibits, including his deposition transcript.[1] Accordingly, the only issue before this court is whether Plaintiff met his burden on the excessive force issue for purposes of establishing his Eighth Amendment claim.

As this case is before the court on a summary judgment motion, Rule 56 governs the parties' burdens. Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

When a defendant moves for summary adjudication of plaintiff's claims, the moving party can meet its burden by pointing out the absence of evidence from the nonmoving party. *See Celotex*, 477 U.S. at 325; *see also Garneau v. City of Seattle*, 147 F.3d 802, 807 (9th Cir. 1998). If the movant meets his burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. The nonmoving party cannot oppose a properly supported summary adjudication motion by "rest[ing] on mere allegations or denials in his pleadings." *Anderson*, 477 U.S. at 256. The nonmovant must go beyond the pleadings to designate specific facts showing there are genuine factual issues which "can be

---

[1] In his response to Defendants' objections, Plaintiff also appears to request this court to reject the Magistrate Judge's recommendation to deny Plaintiff's motion for judgment as a matter of law and grant Defendants' motion for summary adjudication of the retaliation claim. To the extent Plaintiff intended his response to Defendants' objections to serve as his own objections in these regards, they are denied as untimely. *See* Fed. R. Civ. P. 72(a).

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. In considering the motion, the nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255.

The Magistrate Judge found Plaintiff presented sufficient evidence to raise a genuine issue of material fact to overcome Defendants' motion with respect to the Eighth Amendment claim. A fact is material if it could affect the outcome of the suit under the governing substantive law. *Anderson*, 477 U.S. at 248. Under the governing law, "[a]fter incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, ellipsis and citations omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *see also id.* at 7. "[S]uch factors as the need for the application of force, the relationship between the need and the amount of the force that was used, and the extent of injury inflicted are relevant to that ultimate determination." *Whitley*, 475 U.S. at 321 (internal quotation marks, brackets and citation omitted).

According to Defendants' declarations, Plaintiff was drunk at the time of the incident, failed to obey repeated orders to cuff up and exit his cell, spat at the officers, adopted a fighting stance, and threw an electric kettle at Officer Sambrano. (R&R at 6.) Defendants attempted to restrain Plaintiff with pepper spray, however, Plaintiff continued to defy them. (*Id.* at 7.) Defendants then used physical force to restrain Plaintiff and remove him from his cell. (*Id.*) Defendants also filed a declaration from their expert opining that it was reasonable for them to gain compliance with a lawful order. (*Id.* at 4.)

/ / / / /
/ / / / /
/ / / / /
/ / / / /

In their summary judgment briefing, both sides relied on Plaintiff's deposition transcript, and each attached an excerpt to his respective motion papers.[2] Plaintiff filed additional pages from the deposition transcript in response to Defendants' objections. The court may consider these additional deposition pages pursuant to 28 U.S.C. § 636(b)(1), which states in pertinent part that the district court judge may receive further evidence on review of a report and recommendation.

According to Plaintiff's deposition testimony, Defendants entered Plaintiff's cell to conduct a random search. (Pl.'s Dep. at 22, 31.) When Officer Sambrano instructed Plaintiff and his cell mate, Edward Valencio, to exit the cell, Mr. Valencio requested to speak to a sergeant. (*Id.*) Officer Sambrano again instructed Plaintiff and Mr. Valencio to exit. (*Id.* at 23.) Eventually, Mr. Valencio exited the cell, and Officer Sambrano again instructed Plaintiff to leave. (*Id.* at 24.) Plaintiff requested to speak to a sergeant,[3] but Officer Sambrano expressly denied this request. (*Id.*)

Officers Sambrano and Alvarado then sprayed Plaintiff with pepper spray approximately five or six times. (*Id.* at 39.) Plaintiff denied the defense counsel's suggestion that he tried to strike Officer Sambrano after he was sprayed. (*Id.* at 39-40.) After the pepper spray, Officer Sambrano hit Plaintiff with a baton several times on his chest, face, right eye, and forehead. (*Id.* at 42.) When Plaintiff raised his hands to shield his face, he was also hit on his forearms. (*Id.* at 42-43.) At the same time, Officer Alvarado hit Plaintiff several times with a baton on his left

---

[2] Defendants attached a deposition excerpt to their memorandum of points and authorities in support of their summary judgment motion. Plaintiff attached an excerpt to his cross-motion styled as Motion for Judgment as a Matter of Law Pursuant to Rules 50(1)(2) and 56 Fed. Rules of Civil Proc. The Magistrate Judge construed the cross-motion as a summary judgment motion. The parties' cross-motions addressed the same claims. When cross-motions for summary judgment are filed on the same claims, the court must consider evidence submitted in support of and in opposition to both motions before ruling on either. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

[3] Plaintiff wanted to speak to a sergeant because this was the third time Officer Sambrano conducted a random search of Plaintiff's cell that week. (*Id.* at 31.) Each time he searched, he removed Plaintiff's items but did not include them on the cell search receipt. Plaintiff therefore could not retrieve them later. (*Id.*) Plaintiff had previously filed grievances complaining of this conduct. (*Id.* at 31, 49-50.) Three days before the incident, Officer Sambrano told Plaintiff that at the next search, he will take away Plaintiff's TV set. (*Id.* at 49.)

leg, hip, ribs, left shoulder and back. (*Id*. at 43.)  As they were hitting him, Officer Sambrano stood in front of Plaintiff, and Officer Alvarado stood on Plaintiff's side. (*Id*.)  Plaintiff eventually fell onto his bed and the officers handcuffed him. (*Id*.)   After Plaintiff was handcuffed, Officer Sambrano started hitting him on the back. (*Id*. at 43-44.)  At that time, Plaintiff heard Mr. Valencio asking the officers to leave Plaintiff alone. (*Id*. at 44.)  Officer Sambrano then pushed Plaintiff to the floor and dragged him out of the cell. (*Id*.)

After the incident, there was blood all over Plaintiff's cell. (*Id*. at 64.)  Among other injuries, Plaintiff received a 1½ inch laceration above his left eye (*id*. at 40, 46) and lost vision in his right eye (*id*. at 42, 60).

Plaintiff denied the defense counsel's suggestions that Officer Sambrano ordered him to cuff up at any time during the incident (*id*. at 24, 40), that Plaintiff was drunk at the time of the incident (*id*. at 24-28), brandished or threw an electric kettle toward Officer Sambrano (*id*. at 39), or spat at Officer Sambrano (*id*. at 37).

Plaintiff's account of the incidents differs materially from Defendants' account in that it does not appear that the extent of the force used was necessary.  On the other hand, Defendants assert the use of force was justified by Plaintiff's aggressive and threatening conduct toward them.  Based on the differences between Defendants' declarations and Plaintiff's deposition testimony, issues such as the need for the application of force, the amount of the force applied, and the relationship between the need and the amount of the force that was used, *see Whitley*, 475 U.S. at 321, are disputed.  These are material issues of fact. *See Anderson*, 477 U.S. at 248.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  If there is a genuine dispute about a material fact, summary judgment can not be granted. *Id*. at 250.

Defendants liken this case to *Scott v. Harris*, which noted that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." 127 S. Ct. 1769, 1776 (2007).  This case is not like *Harris*.  In *Harris*, the plaintiff's account of the incident was contradicted by an undisputed

videotape of the incident.  By contrast, this is the usual case where each side describes the incident differently.  Whether a jury will believe Defendants over Plaintiff is a question of witness credibility.  Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions and are not appropriate for resolution by the court on a summary judgment motion.  *Anderson*, 477 U.S. at 255.

For the foregoing reasons, the court concurs with Magistrate Judge Lewis' finding that Plaintiff raised a genuine issue of material fact with respect to the excessive force claim.  Defendants' objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** as amplified herein.  Defendants' motion for summary judgment is **DENIED** with respect to Plaintiff's Eighth Amendment claim and **GRANTED** with respect to his First Amendment claim.  Plaintiff's motion styled as a motion for judgment as a matter of law is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 26, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL