UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ, | Civil No. 04cv1833-L(PCL) |
| Plaintiff, | **ORDER ON MOTIONS IN LIMINE AND EVIDENTIARY OBJECTIONS** |
| v. | |
| R. SAMBRANO, *et al.*, | |
| Defendants. | |

The parties' motions in limine came on for a hearing on August 22, 2008 at 11:00 a.m. Plaintiff appeared *pro se*. Terrence F. Sheehy, Esq. appeared on behalf of Defendants.

For the reasons stated on the record, **IT IS HEREBY ORDERED**:

1. Defendants' motion in limine to admit evidence if Plaintiff's convictions for burglary, robbery and unlawful taking of a vehicle is **GRANTED** with respect to Plaintiff's robbery conviction and **DENIED** in all other respects.

2. Defendants' motion in limine to exclude any reference at trial to Plaintiff's acquittal of criminal charges for the underlying incident on which Plaintiff sues is **GRANTED** with respect to related exhibits (Plaintiff's Exhibit F) and is in all other respects **DENIED WITHOUT PREJUDICE** to raising the same objection at trial.

3. Defendants' motion in limine to have Plaintiff shackled at trial is **DENIED**.

/ / / / /

4. Plaintiff's motion in limine to appear before the jury unshackled and in civilian clothes is **GRANTED**. Plaintiff shall make his own arrangements regarding civilian clothing.

5. Defendants' motion in limine to authenticate the July 19, 2004 videotaped interview of Plaintiff is **DENIED AS MOOT**.

6. Defendants' motion in limine to exclude Plaintiff's witnesses not listed on the Joint Witness List is **DENIED**.

7. Defendants' motion in limine to exclude Plaintiff's exhibits not listed on the Joint Exhibit List is **DENIED**.

8. Defendants' motion in limine to exclude the testimony of attorney Scoville, investigator Wallet, Dr. Flood, and inmates Valenzo, Leon, and Montoya is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. as to attorney Scoville, inmate Leon and Dr. Flood, the motion is denied as moot;

   b. as to Dr. Weeks, the motion is denied without prejudice to raising the same objection at trial (as reflected on the record, Defendants intended to refer to Dr. Weeks rather than Dr. Flood);

   c. as to investigator Wallet, the motion is granted;

   d. as to inmate Valenzo, the motion is denied to the extent Mr. Valenzo will testify as a percipient witness to the incident and Plaintiff's injuries, and denied without prejudice to raising the same objection at trial to the extent Mr. Valenzo will testify about witness intimidation; and

   e. as to inmate Montoya, the motion is denied without prejudice to raising the same objection at trial.

9. Defendants' objections to Plaintiff's witnesses are addressed in item 8 above.

10. Defendants' objections to Plaintiff's exhibits are **SUSTAINED IN PART AND OVERRULED IN PART** as follows:

   a. as to Plaintiff's Exhibit B (Plaintiff's medical records), the ruling is reserved;

/ / / / /

b. as to Plaintiff's Exhibit D (investigator Wallet's notes), Defendants' objections are sustained and the exhibit shall be excluded; and

c. as to Plaintiff's Exhibit F (documents relating to Plaintiff's acquittal), the objections are sustained and the exhibit shall be excluded.

11. Plaintiff's motion in limine to exclude Defendants' witnesses and exhibits is **GRANTED IN PART AND DENIED IN PART** as follows:

a. as to Exhibit 1 (photographs of cell 203), the motion is denied, provided that Defendants properly authenticate the exhibit and use it solely as a demonstrative exhibit;

b. as to Exhibits 7, 8 and 9 (abstracts of judgment), the motion is denied with respect to the abstract of judgment for the robbery conviction and granted in all other respects;

c. as to Exhibits 10 and 11 (rules violation reports regarding "pruno") and Officer S. Schnell, the motion is denied to the extent the evidence is used in rebuttal if Plaintiff denies knowing what "pruno" is, and granted in all other respects;

d. as to the photographs of Defendants' injuries, the motion is denied without prejudice to raising the same objection at trial;

e. as to calling Plaintiff as an adverse witness, the motion is denied;

f. as to Robert Borg (Defendants' use of force expert), the motion is denied;

g. as to James L. Norris (Defendants' forensic expert), the motion is denied as moot;

h. as to Dr. K. Grewal, the motion is granted to the extent Dr. Grewal intends to testify regarding causation and denied in all other respects;

I. as to Sergeant A. Verkouterent, the motion is denied as moot.

12. As reflected by the parties' stipulations on the record, they shall not call witnesses 12 through 18 listed on the Joint Witness List to authenticate the records.

13. As reflected by the parties' stipulations on the record, they do not object to the authenticity of the exhibits listed on the Joint Exhibit List.

14. As reflected by Defendants' stipulation on the record, they shall not call James L. Norris to authenticate the videotape of Plaintiff's July 19, 2004 interview.

15. Defendants' objections to Plaintiff's proposed statement of facts to the jury as his direct testimony are **SUSTAINED** to the extent that Plaintiff may not reference facts as to which he knows there will not be supporting testimony and **OVERRULED** in all other respects.

16. Defendants may depose Dr. Weeks before trial.

**IT IS SO ORDERED**.

DATED: August 26, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL