IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>R. SAMBRANO, et al.<br><br>　　　　　　　　　　Defendants. | Case No. 04cv1833 L (PCL)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT** |

## INTRODUCTION

Plaintiff is a state prisoner proceeding with pro bono counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint upon which this action proceeds on October 26, 2004. (Doc. No. 4.) Plaintiff now moves for an order appointing an expert witness pursuant to Rules 702 and 706 of the Federal Rules of Evidence to help the Court understand the evidence and/or facts at issue in this matter.

Plaintiff argues expert testimony will be required to determine whether Defendants violated the law and prison policies and procedures and whether Defendants exceeded the appropriate amount of force permissible in this particular instance. (Doc. No. 233 P. & A. at 2.) Plaintiff also contends Defendants have designated an expert to render testimony at trial and the expert's potential testimony is favorable to Defendants. (Id.)

Defendants counter that Robert Borg, Defendants' designated expert in this case, will render non-biased testimony based upon the facts at issue. (Doc. No. 238 P. & A. at 6.) Defendants further state that the issues and claims presented are not beyond the ordinary knowledge of the jury and do not involve complex facts, therefore, appointment of an expert witness is not warranted in this case. (Id. at 6-7.)

Having considered all the arguments submitted for and in opposition to this Motion, the Court DENIES Plaintiff's motion for appointment of an expert witness.

## LEGAL STANDARD

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. FED. R. EVID. 702. The district court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in relevant part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed. . . ." FED. R. EVID. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; see also Levi v. Dir. of Corr., 2006 U.S. Dist. LEXIS 18795, *2 (E.D.Cal. 2006) (citation omitted).

Additionally, the *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dep't, 2006 U.S. Dist. LEXIS 13061, *6 (D. Ariz. 2006) (citation omitted).

## DISCUSSION

To prevail on his Eighth Amendment claim regarding excessive use of force, Plaintiff must show that the force Defendants used during the incident was not "applied in a good faith effort to maintain or restore discipline" but rather, applied "maliciously and sadistically for the

very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).   This standard has a subjective component because it requires the trier of fact to consider the amount of force used in relation to the threat posed in that particular situation.  In the context of such a claim, the question of whether the correctional officers exerted more force that is required to "maintain or restore discipline" does not demand that the jury consider probing, complex questions concerning scientific evidence or medical diagnosis.  Id.  Courts have declined to appoint an expert under such circumstances.  See Gupta v. Terhune, 262 Fed. Appx. 772 (9th Cir. Cal. 2007) (unpublished) (Plaintiff's motion for the appointment of experts properly denied because Plaintiff's civil rights action did not involve scientific evidence or complex issues.)  The Court finds that the legal issues involved in this action are not particularly complex.  See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) 1071) (finding that the district court's decision to appoint an independent expert to assist the court in evaluating contradictory evidence about an elusive disease of unknown origin was appropriate). The decision whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather, whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993).

     Moreover, Defendants have already appointed an expert "who can assist the jury with any issues in this case not within the common knowledge." (Doc. No. 238 Opp. at 6.)  The opinion of one unbiased expert witness is sufficient to assist the trier of fact, should complicated issues arise at trial.  The court finds that the issues regarding the force used in relation to the threat posed by Plaintiff are not so complex as to require the testimony of a second expert witness to assist the trier of fact.

     Lastly, although Plaintiff is proceeding with pro bono counsel, he is reportedly unable to compensate an expert witness. Pursuant to Rule 706, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. FED. R. EVID. 706(b). In instances such as this, where the government would likely bear the cost, the court should exercise caution. The court has a burgeoning docket of civil rights cases filed by

04 CV 1833 L (PCL)
3

1 | prisoners proceeding *pro se* and *in forma pauperis*. The facts of this case are no more
2 | extraordinary and the legal issues involved no more complex than those found in the majority of
3 | the cases now pending before this court.
4 |     Accordingly, Plaintiff's Motion for Appointment of an Expert is DENIED.
5 | **IT IS SO ORDERED.**
6 | DATE: <u>March 12, 2009</u>
7 |
8 |                         Peter C. Lewis
                        U.S. Magistrate Judge
                        United States District Court
9 |
10 | cc:    The Honorable James M. Lorenz
        All Parties and Counsel of Record