IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERTO VERA JIMENEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **R. SAMBRANO, et al.** <br><br> Defendants. | Case No. 04cv1833 L (PCL) <br><br> **ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> **(Doc. No. 239)** |

### INTRODUCTION

Plaintiff is a state prisoner proceeding with pro bono counsel in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a first amended complaint upon which this action proceeds on October 26, 2004.  (Doc. No. 4.)  Plaintiff now moves for an order seeking leave to file a second amended complaint in this action.  (Doc. No. 239.)

Plaintiff argues that filing a second amended complaint in this action is warranted to add a prayer for punitive damages because such a prayer was previously omitted from the original and first amended complaints solely due to Plaintiff's pro se status and lack of legal expertise. (Id. P. & A, 1.)  Plaintiff also seeks to dismiss Defendant E. Delgado from this action because all claims against Defendant Delgado have already been dismissed or resolved by summary judgment. (Id. at 2.)

1     Defendants counter that although a liberal view of granting such motions is generally favored, to do so in this case would cause undue prejudice to Defendants due to the late stage of the proceedings. (Doc. No. 245 Opp. 4.) Defendants further state that they "were never put on notice that they would have to defend against a claim for punitive damages." (Id. at 5.)

    Plaintiff's counsel has also filed a Motion to Supplement Plaintiff's Reply to Defendants' Opposition to the Motion to Amend. (Doc. No. 253.) More specifically, Plaintiff seeks to submit to the Court the parties' Pretrial Order dated June 23, 2008 in which the parties set forth facts and contentions for trial. The relevant part of the Pretrial Order is Section XII which states: "The trial of this case shall be bifurcated. The issues to be tried first are liability and general damages. The issue to be tried second is the amount of punitive damages, if any are warranted."

    Having considered all the arguments submitted for and in opposition to this Motion, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint in this matter.

### LEGAL STANDARD

    Plaintiff argues Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992). The Ninth Circuit has instructed that "[o]nce the district court [had] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."[1] Id. Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Proc. 16(b). The pretrial scheduling order in this case was filed December 1, 2006. (Doc. No. 113.) The Order sets forth the last date on which to file

---

1. Rule 16 provides in part: (b) [The district court] . . . shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time, (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery. FED. R. CIV. P. 16(b) (2009); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

a motion to amend the pleadings as January 2, 2007.  (Id. ¶ 1.)  Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a).  See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Fed. R. Civ. P. 15(a), a movant must demonstrate "good cause" to justify amendment under Fed. R. Civ. P. 16(b). Johnson, 975 F.2d at 606-07.  The "good cause" standard "focuses on the diligence of the party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). "Central to the required showing of diligence is whether the movant discharged [his] obligation under Rule 16 to collaborate with the district court in managing the case." Jackson, 186 F.R.D. at 607. Accordingly, relevant inquiries include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.  However, the district court is given broad discretion under Rule 16. Id. at 607.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985).

Moreover, if the trial court determines that refusal to allow a modification of the pretrial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate. United States v. First Nat. Bank of Circle, 652 F.2d 882 (9th Cir. 1981).

**DISCUSSION**

In interpreting the "good cause" requirement under Fed. R. Civ. P. 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. Id.

### A. Diligence

In this case, the initial complaint as well as the first amended complaint were filed pro se and raised claims under 18 U.S.C. § 1983 for violations of his civil rights. (Doc. Nos. 1, 4.) Plaintiff's counsel now seeks to file a second amended complaint raising the same claims with the same factual allegations simply adding a prayer for relief in the form of punitive damages. (Doc. No. 239.)  The Court notes that the addition of a claim for punitive damages is not an issue that has recently come to light.  Plaintiff has already requested compensatory damages in his first amended complaint and merely seeks to add an additional form of damages following a favorable verdict at trial. However, Plaintiff has been markedly consistent in prosecuting this action.  The court docket presents a long history of timely filings and requests from Plaintiff as to status and disposition of motions and other proceedings.  It is apparent that Plaintiff's request to amend the pleadings to add a prayer for punitive damages was prompted by a thorough review of the current file and a desire to "tidy up the pleadings before trial." (Doc. No. 239 P.&A. 2.) This is further evidenced by the fact that Plaintiff also seeks to dismiss one Defendant from any participation in this case.

Moreover, the Court determines the prayer for punitive damages was likely omitted from the previous complaint solely due to Mr. Jimenez' pro se status and lack of legal expertise and not as a result of Plaintiff's carelessness.  Plaintiff was appointed counsel by the trial court shortly before the previously scheduled trial in this matter.  This lends support to a finding of "good cause" under Rule 16 to allow an amendment because Plaintiff's counsel now brings this motion after a thorough review of the facts and issues set for trial. The Court finds that Plaintiff and his newly appointed counsel have been diligent in this matter and have fulfilled the first part of the requirement for "good cause" pursuant to Rule 16.

### B. Potential Prejudice to Defendants

The Court now turns to whether potential prejudice to Defendants exists in allowing the proposed amendment.  Defendants' primary objection is that amending the complaint would be prejudicial. Specifically, Defendants maintain that a prayer for punitive damages would hinder their efforts to defend against Plaintiff's claims because they "were never put on notice that they

would have to defend against a claim for punitive damages." (Doc. No. 245 at 5.)  However, the Court finds Plaintiff's evidence in support of such notice compelling. Plaintiff submits the parties' Amended Proposed Pretrial Order, signed and submitted to the Hon. James M. Lorenz on June 23, 2008.  (Doc. No. 253 Ex. A.)  The Pretrial Order clearly states: "The trial of this case shall be bifurcated.[] The issue to be tried second is the amount of punitive damages, if any are warranted."  (Id. at 12.)  This Order signed by Defendants' counsel appears to raise the issue of punitive damages such that it was known to Defendants that they may have to defend against the issue if warranted during the second phase of trial.  Moreover, because the amendment sought does not raise any new facts or allegations, the Court is not persuaded by Defendants' argument that such amendment would be highly prejudicial to their trial preparations.

Defendants fail to put forth any persuasive reasons for not granting the motion to amend. This is especially true in light of the fact that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  Given that plaintiff has met the diligence standard discussed above, any considerations regarding the possible prejudice to defendants is outweighed.

C.     Rule 15(a) Analysis

Lastly, "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiff has not shown an instance of bad faith or dilatory motive in bringing this motion to amend the complaint to include a prayer for punitive damages as Plaintiff's intention in amending the complaint is solely to correct the complaint as to the damage claims previously sought and to remove parties no longer involved in this litigation.  The Court also determines no undue prejudice exists as to the opposing party because Plaintiff is not seeking to add new claims or allege new facts with this amendment.  Moreover, the proposed amendment is not futile because the parties have already agreed to litigate this issue in a second phase of trial, should it be required.

## CONCLUSION

The Court concludes that the proposed amended complaint is appropriate to clarify the damages sought in this matter and identify the proper parties before the Court. Most importantly, the new complaint is not prejudicial to Defendants since it does not materially change the substance of the claims. Lastly, the proposed amendment to dismiss Defendant Delgado serves the interests of justice because all claims against Defendant E. Delgado have been dismissed or summarily adjudicated. Therefore, because leave to amend should be freely given and Defendants are not prejudiced, the motion for leave to file Second Amended Complaint is **GRANTED**.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Supplement Plaintiff's Reply to Defendants' Opposition to the Motion to Amend (Doc. No. 253) is **GRANTED**;
2. Plaintiff's Motion to Amend Complaint (Doc. No. 239) is **GRANTED** to add a prayer for punitive damages and to dismiss Defendant E. Delgado from all further proceedings.

**IT IS SO ORDERED.**

DATE: April 6, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable James M. Lorenz
All Parties and Counsel of Record