UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>R. SAMBRANO, *et al.*,<br><br>    Defendants. | Civil No. 04cv1833-L(PCL)<br><br>**ORDER RE: PROPOSED AMENDED PRETRIAL ORDER** |

On June 12, 2009 this matter came on for a hearing regarding Plaintiff's objection to Defendants' withdrawal of two of their admissions from the final pretrial order and Defendants' objection to Plaintiff's modification of two of his admissions. Olga I. May, Esq., Roger A. Denning, Esq. and Kimberly Kennedy, Esq. appeared on behalf of Plaintiff. Terrence F. Sheehy, Esq. appeared on behalf of Defendants. For the reasons which follow, the court will sign the proposed amended pretrial order notwithstanding the parties' changes to the admissions.

Plaintiff, a state prisoner, claims Defendants violated his constitutional rights by using excessive force during a cell search. Plaintiff alleged Defendants Alvarado and Sambrano ordered him out of his cell. He had previously made complaints against Officer Sambrano for misconduct, including confiscating personal items during a cell search and failing to return them. Plaintiff feared Officer Sambrano was retaliating against him for the complaint, and requested Defendants to call a higher-ranking officer to supervise the search. Defendants allegedly

refused, and Plaintiff refused to leave his cell. The incident involving alleged excessive force ensued.

Following discovery and dispositive motions, the parties attended a final pretrial conference on June 23, 2008. The court signed a stipulated Pretrial Order on the same date. In the Pretrial Order the parties made certain admissions, including Defendants' admissions that Plaintiff requested to speak to a higher-ranking officer and they refused the request, and Plaintiff's admissions that Defendants had to ask him to leave the cell one or two times, and he refused to exit. (Pretrial Order filed Jun. 23, 2008 at 3.)

In a typical case, a final pretrial order is the last word on the scope of the case for trial. Federal Rule of Civil Procedure 16(d) provides that an order issued after a pretrial conference "controls the course of the action unless the court modifies it." *See also Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1291 (9th Cir. 1985); *Higgins v. Harden*, 644 F.2d 1348, 1353 (9th Cir. 1981).

Unlike in the typical case, where the final pretrial conference is closely followed by trial, this did not happen here. After the court had ruled on motions *in limine* and set the case for trial, Plaintiff was able to obtain *pro bono* representation. His *ex parte* application to vacate the pending trial date was granted. Before the case was re-set for trial, Plaintiff conducted additional discovery and amended the complaint. The court held another final pretrial conference on May 11, 2009.

The proposed final pretrial order submitted by the parties for the May 11 conference no longer included Defendants' admissions regarding Plaintiff's request to speak to a higher-ranking officer. Plaintiff's admissions regarding refusal to leave his cell were subtly changed.[1] At the pretrial conference, Plaintiff objected to Defendants' withdrawal of their prior admissions and Defendants objected to Plaintiff's modifications.

/ / / / /

---

[1] Plaintiff's prior admissions were: "Defendant Sambrano had to ask Plaintiff to leave the cell one or two times" and "Plaintiff refused to exit the cell." As modified, these admissions read: "Defendant Sambrano asked Plaintiff to leave the cell" and "Plaintiff did not exit the cell."

1 Defendants argue that inclusion of their admissions in the June 23, 2008 pretrial order
2 was in error, that prior to that date they had consistently maintained Plaintiff had not requested
3 to speak to a higher-ranking officer, and that the new pretrial order will amend and supersede the
4 old one.  The fact that prior to making the admissions Defendants had taken a contrary position
5 is of no consequence.  An order after a final pretrial conference has the "effect of amending the
6 pleadings."  *999 v. C.I.T. Corp.*, 776 F.2d 866, 871 (9th Cir. 1985).  "Facts incorporated in the
7 court's pretrial order stand as fully determined as if they had been adjudicated after taking of
8 testimony at trial."  *Boeing Co.*, 771 F.2d at 1291 (internal quotation marks, ellipsis, brackets
9 and citation omitted).  The parties' allegations in their pleadings and the positions they took
10 before the June 23, 2008 pretrial order were superseded by that order.  Defendants are correct
11 that an amended final pretrial order will supersede a prior pretrial order.  However, this does not
12 answer the question whether the pretrial order should be amended when the other party objects.

13 Although an order issued after a pretrial conference controls the course of the action,"
14 Federal Rules allow for modification.  Fed. R. Civ. P. 16(d).  "The court may modify any order
15 issued after a final pretrial conference only to prevent manifest injustice."  Fed. R. Civ. P. 16(e);
16 *see also First Nat't Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) ("Under Rule 16, the trial
17 court had authority to modify the pretrial order if in the court's discretion modification was
18 determined to be necessary to 'prevent manifest injustice.'").

19 Accordingly, "[o]nce formulated, pretrial orders should not be changed lightly; but total
20 inflexibility is undesirable."  Fed. R. Civ. P. 16, Advisory Comm. Notes, 1983 Am.  A final
21 pretrial order should not be routinely modified because

22 Pretrial orders play a crucial role in implementing the purposes of the Federal
Rules of Civil Procedure "to secure the just, speedy, and inexpensive
23 determination in every action."  F.R. Civ. P. 1.  Unless pretrial orders are honored
and enforced, the objectives of the pretrial conference to simplify issues and avoid
24 unnecessary proof by obtaining admissions of fact will be jeopardized if not
entirely nullified.  Accordingly, a party need offer no proof at trial as to matters
25 agreed to in the order, nor may a party offer evidence or advance theories at the
trial which are not included in the order or which contradict its terms.  Disregard of
26 these principles would bring back the days of trial by ambush and discourage
timely preparation by the parties for trial.
27

28 *First Nat'l Bank of Circle*, 652 F.2d at 886 (footnotes omitted).  In this regard,

> proper treatment of the pre-trial order after entry requires an appropriate balance between firmness to preserve the essential integrity of the order, and adaptability to meet changed or newly discovered conditions or to respond to special demands of justice. [¶] A stipulation of counsel originally designed to expedite a trial should not be rigidly adhered to when it becomes apparent that it may inflict manifest injustice upon one of the subscribers thereto.

*Jeffries v. United States*, 477 F.2d 52, 55 (9th Cir. 1973) (internal brackets, ellipsis and citations omitted) (affirming amendment of factual admission in a final pretrial order). Based on the foregoing principles,

> district courts "should generally allow amendments of pre-trial orders" provided three criteria are met: (1) "no substantial injury will be occasioned to the opposing party," (2) refusal to allow the amendment "might result in injustice to the movant," and (3) "the inconvenience to the court is slight."

*Amrel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1997) quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980) and citing *First Nat'l Bank of Circle*, 652 F.2d at 887; *see also Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976).

Defendants argue that withdrawal of their prior admissions was no surprise to Plaintiff and does not prejudice him. They do not dispute that the first time they expressly indicated they intended to withdraw the admissions was at the meeting and conference on May 6, 2009, when the parties were preparing the proposed final pretrial order.

Defendants point to the depositions taken by Plaintiff during additional discovery in December 2008. Plaintiff questioned both Defendants about the previously admitted fact – whether Plaintiff had requested to see a higher-ranking officer. (*See* Defs' P.& A. Re: Change to Admissions, Ex. C & D.) Defendant Sambrano testified:

> Q. When Mr. Vera refused to step out, did he say anything else to you?
> A. I believe he stated, "I ain't coming out."
> Q. Did he say anything else?
> A. No.
> Q. Mr. Vera claims that he asked you to call a sergeant. Do you remember such a request?
> A. No.

(*Id*. Ex. D at 70.) Defendant Alvarado was asked, "Did you hear Vera to ask for a sergeant when he refused to come out?" (*Id*. Ex. C at 61.) He answered, "I don't recall him asking for a

/ / / / /

sergeant, no." (*Id.*) Plaintiff did not rely on Defendants' prior admission to the extent of foregoing any discovery on the issue.

Plaintiff maintains that he will be prejudiced if Defendants withdraw the admissions because discovery is now closed and, if he had more promptly received notice of Defendants' intent, he would have focused more on the issue. This does not *per se* constitute prejudice. "If necessary to prevent harm to the opponent, appropriate protective terms and conditions may be attached to the order allowing modification." *First Nat'l Bank of Circle*, 652 F.2d at 887; *see also Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007).[2] For example, the court could reopen discovery if necessary to prevent prejudice to Plaintiff.

Plaintiff next argues he will be prejudiced because Defendants' prior admissions are relevant to central issues in the case. There is no doubt that Defendants' admissions are material. Plaintiff's request to speak to a higher-ranking officer before leaving his cell supports his theory that he wanted a higher-ranking officer to supervise the search because of Officer Sambrano's prior misconduct. It is also relevant to the issue whether Defendants used reasonable force in removing Plaintiff from the cell. If bringing in a higher-ranking officer would de-escalate the situation and obviate the need for physical force, then denying the request would tend to show the force used was unreasonable. However, the fact that a party will have to prove up the matters which were previously admitted is not considered prejudice. *See Conlon*, 474 F.3d at 622. If it were considered prejudicial, then final pretrial orders could never be amended. This would be contrary to Rule 16(e), which allows for amendment.

The relevant prejudice is whether the party opposing amendment would be prejudiced in his ability to prove his case at trial because, for example, he may not be able to obtain evidence on short notice. *See Conlon*, 474 F.3d at 625. Because Plaintiff has conducted discovery on the

---

[2] *Conlon* addresses withdrawal of admissions made in discovery. Although the context in which the admissions were made is different, the case is relevant because the standard applied is similar in some respects and the prejudice inquiry involves some of the same issues presented here. Rule 36(b) standard applied in *Conlon* is similar to the manifest injustice standard of Rule 16(e) in that it examines prejudice and the effect of withdrawal on the further conduct of the case. Both rules are permissive. *Cf.* Fed. R. Civ. P. 16(e) *with* Fed. R. Civ. P. 36(b). However, Rule 16(e) standard differs in that it looks at the prejudice to both parties and not just the opposing party. *Cf. Conlon*, 474 F.3d at 621-24 (applying Fed. R. Civ. P. 36(b)) *with First Nat'l Bank of Circle*, 652 F.2d at 887 (applying Fed. R. Civ. P. 16(e)).

relevant issue, and especially if discovery is reopened, he will be able to present evidence that he had requested a higher-ranking officer be present and that his request was denied. Plaintiff therefore will not be substantially prejudiced. *See Amrel*, 102 F.3d at 1515.

However, if Defendants are not allowed to withdraw their admissions, they will not be able to present their defense to the extent it is based on the evidence that Plaintiff did not ask for a higher-ranking officer. A party is precluded from presenting evidence which contradicts the terms of a pretrial order. *See First Nat'l Bank of Circle*, 652 F.2d at 886. Given the highly relevant nature of the admissions, denying withdrawal might result in injustice to Defendants. *See Amrel*, 102 F.3d at 1515.

Withdrawal of the admissions will not greatly inconvenience the court. *See id.* Although it may necessitate reopening discovery, the issue is narrow and Defendants stipulated at the June 12 hearing to respond on a shortened time basis. The presentation of the case to the jury also will not be greatly hampered by the additional evidence on the issue whether Plaintiff requested to see a higher-ranking officer. The issue is narrow and it would have to be addressed one way or another for the jury to understand how the incident unfolded.

Based on the foregoing, permitting withdrawal of Defendants' admissions is necessary to prevent manifest injustice. By allowing Defendants to withdraw their admissions, the court does not condone their conduct in this case. It was the defense counsel who drafted the proposed pretrial order signed June 23, 2008.[3] Furthermore, Defendants waited for almost a year to state their intention to withdraw their admissions. Defendants are hereby admonished that their cavalier approach to the standards of professionalism is not and will not be tolerated.

On the other hand, Plaintiff's choice to essentially re-do the case after obtaining representation opened the door to the possibility of a second pretrial order. At the first status conference, held November 3, 2008, Plaintiff indicated he wanted to conduct additional

---

[3] Plaintiff was incarcerated and proceeding *pro se* at the time and Defendants were charged with drafting the proposed pretrial order. The first draft was rejected by the court because it was submitted without Plaintiff's signature. The second draft was withdrawn because it omitted all of Defendants' witnesses. The defense counsel had ample opportunity to thoroughly review the proposed order before the third draft was accepted by the court for signature.

discovery, to which Defendants stipulated. Plaintiff proceeded to conduct discovery on the admitted facts. At the second status conference, Plaintiff indicated he intended to make changes to his witness lists and seek leave to amend the complaint. On February 26, 2009 Plaintiff filed the motion for leave to amend which was granted by Magistrate Judge Peter C. Lewis. Notwithstanding a final pretrial order on file, which superseded all prior pleadings, *see C.I.T. Corp.*, 776 F.2d at 871, Plaintiff wanted to amend the complaint to "tidy up the pleadings before trial." (Apr. 6, 2009 order at 4, citing Pl.'s Mem. of P.&A. at 2.) When Plaintiff filed his amended complaint less than three weeks before the May 11, 2009 pretrial conference, Defendants promptly filed an answer denying the allegations that Plaintiff asked to see a higher-ranking officer. (*Cf.* Second Am. Compl. filed Apr. 24, 2009 at 2 *with* Answer, filed May 4, 2009 at 2.)

Aside from the admissions which are the subject of this order, the new proposed pretrial order, prepared by Plaintiff and signed by both sides, differs in material respects from the June 23, 2008 Pretrial Order: it included other substantial changes and additions to the admissions portion of the order, it added six facts which, though not admitted, would not be contested at trial, it substantially changed, added to and subtracted from the disputed issues of fact, added punitive damages to the issues of law, and added to the final witness and exhibit lists. Neither party objected to the changes except for the admissions which are the subject of this order. Given the extensive activity and reshaping of the case after the June 23, 2008 pretrial order, it is doubtful whether it can still be considered a final pretrial order as contemplated by Rule 16(e). Plaintiff had the choice to proceed on the June 23, 2008 pretrial order as it was, but chose not to.

Among the many modifications to the admissions portion of the pretrial order, Plaintiff subtly modified two of his admissions regarding Defendants' order that Plaintiff leave his cell and his refusal to leave. Defendants have not presented any evidence or argument how they would be prejudiced by the modification and signed a proposed pretrial order which included the modified admissions. Accordingly, Plaintiff's modifications will be allowed.

Based on the foregoing, the court will sign the proposed pretrial order the parties submitted for the May 11, 2009 final pretrial conference, which does not include the admissions

Defendants withdrew and includes modifications to Plaintiff's admissions.  If Plaintiff determines he needs to reopen discovery regarding the issues whether he asked for a higher-ranking officer and whether his request was denied, Plaintiff must file an ex parte application no later than **June 22, 2009**.  Any such request must include a time estimate for the discovery and state whether Plaintiff also requests a continuance of any dates set in the May 13, 2009 Order Re: Trial.  Any opposition shall be filed no later than **June 24, 2009**.

**IT IS SO ORDERED**.

DATED: June 18, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL