UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO VERA JIMENEZ, | ) | Civil No. 04cv1833-L(PCL) |
| Plaintiff, | ) | **ORDER ON MOTIONS IN LIMINE** |
| v. | ) | |
| R. SAMBRANO, *et al.*, | ) | |
| Defendants. | ) | |

The parties' motions *in limine* came on for a hearing on July 29, 2009 on the 10:00 a.m. calendar.  Roger A. Denning, Esq., Olga May, Esq. and Kimberly I. Kennedy, Esq. appeared on behalf of Plaintiff.  Terrence F. Sheehy, Esq. appeared on behalf of Defendants.

For the reasons stated on the record and as supplemented herein, **IT IS HEREBY ORDERED**:

1.      Plaintiff filed a motion to admit transcripts of prior trial testimony of unavailable witnesses Edward Valenciano and Isidro Roman (doc. no. 283).  Defendants filed a motion to exclude the same testimony (doc. no. 292).  Plaintiff's motion is **GRANTED** and Defendants' motion is **DENIED** with respect to Mr. Valenciano's transcript.  With respect to Mr. Roman's transcript, Plaintiff's motion is **DENIED WITHOUT PREJUDICE** to renewing the motion if necessary.  Plaintiff is hereby granted leave to request an order for a writ of *habeas corpus ad*

/ / / / /

*testificandum* and subpoena Mr. Roman to testify at trial.  Defendants' motion is **GRANTED** as to Mr. Roman's transcript subject to revisiting the issue if necessary.

2.    Plaintiff's motion to exclude Defendants' use-of-force review reports (doc. no. 284) is **GRANTED**.

3.    Defendants' motion to exclude evidence regarding cell extraction procedures (doc. no. 294) is **DENIED**.

4.    Plaintiff's motion to exclude evidence of Plaintiff's intoxication, cell door malfunction and the 2005 report of Medical Technical Assistant Odom (doc. no. 281) is **DENIED**.  The denial is **WITHOUT PREJUDICE** to renewing the objections at trial.

5.    Defendants' motion to exclude evidence of Plaintiff's corneal graft rejection (doc. no. 287) is **DENIED**.

6.    Defendants' motion to exclude evidence of other instances of Defendants' use of force against inmates (doc. no. 290) is **DENIED WITHOUT PREJUDICE** to renewing the objection at trial.

7.    Plaintiff's motion to allow inmate witnesses to appear in civilian clothing, exclude Plaintiff's and Fred Montoya's robbery convictions and to preclude Defendants' counsel from referring to Plaintiff and his inmate witnesses as "convicted felons" (doc. no. 286) is **GRANTED IN PART AND DENIED IN PART** as follows:

(A)    Plaintiff's motion to exclude Mr. Montoya's robbery conviction  is **DENIED**.

(B)    Plaintiff's motion to exclude Plaintiff's robbery conviction is **DENIED**. Plaintiff's other convictions have been excluded pursuant to the August 22, 2008 order on motions *in limine*.

(C)    Plaintiff's motion to preclude Defendants' counsel from referring to Plaintiff and inmate witnesses as "convicted felons" is **GRANTED IN PART AND DENIED IN PART**.  Defendants' counsel shall not refer to Plaintiff and inmate witnesses as "convicted felons" so as to arouse bias in the jury.  Defense counsel may use this term only when this is

/ / / / /

04cv1833

unavoidably called for by the context; otherwise he shall refer to Plaintiff and the inmate witnesses by their names.

(D)     Plaintiff's motion to allow Plaintiff and inmate witnesses to appear in civilian clothing is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted as to Plaintiff and Mr. Montoya.  The motion is **DENIED WITHOUT PREJUDICE** as to Javier Tinajero.  Plaintiff may renew his motion shortly before Mr. Tinajero is scheduled to testify and after he arrives to court.

8.     Defendants' motion to have all inmates, including Plaintiff, shackled at trial (doc. no. 288) is **DENIED WITHOUT PREJUDICE** for the reasons stated on the record and at the August 22, 2008 motions *in limine* hearing.  Defendants may renew the motion shortly before the commencement of trial but only if there are any new developments potentially affecting security.

9.     Defendants' motion to exclude Plaintiff's physical exhibits (Defendant Sambrano's CDC jumpsuit with bloodstains, his state-issue stab-proof vest, his T-shirt with Plaintiff's blood, officer's hand-held radio with personal alarm, handcuffs, 12-oz. bottle of pepper spray, a side-handle baton which was used in the incident, officer's belt with holsters, a set of keys belonging to the institution and a pair of boots appropriate for a correctional officer) (doc. no. 291) is **GRANTED IN PART AND DENIED IN PART**.  The evidence is inadmissible for purposes of a re-enactment but is admissible to show to the jury.  The baton and empty pepper spray cans are conditionally admitted only if Plaintiff provides for proper security of these items while in the courtroom.  Plaintiff may make appropriate arrangements with the San Diego County Sheriff or the United States Marshal for this purpose.

10.     Defendants' motion to exclude evidence of subsequent remedial measures (doc. no. 293) is **DENIED** as moot because Plaintiff does not intend to introduce such evidence.

11.     Plaintiff's motion to allow references to Plaintiff's *pro bono* representation and lack of funds for an expert (doc. no. 285) is **GRANTED IN PART AND DENIED IN PART**. The court will include these facts in its opening remarks during *voir dire*.  The parties are

/ / / / /

04cv1833

encouraged to address this issue in their joint proposed description of the case to be read to the jury.

12.     Defendants' motion to exclude references to a "code of silence" among correctional officers and a "green wall" (doc. no. 289) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's counsel may use these terms only after proper foundation has been presented.  Accordingly, these terms shall not be used in Plaintiff's opening statement.  In addition, Plaintiff's counsel may not use these terms so as to arouse bias in the jury.

13.     Defendants' motion to bifurcate trial (doc. no. 295) is **DENIED**.

**IT IS SO ORDERED**.


DATED:  July 30, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

4                                                                                       04cv1833