UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ,<br><br>         Plaintiff,<br><br>v.<br><br>R. SAMBRANO, *et al.*,<br><br>         Defendants. | Civil No. 04cv1833-L(PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DEFENDANTS' USE-OF-FORCE EXPERT ROBERT BORG** |

Plaintiff's motion *in limine* to exclude the testimony of Defendants' use-of-force expert Robert Borg (doc. no. 282) came on for a hearing on July 29, 2009 on the 10:00 a.m. calendar. Roger A. Denning, Esq., Olga May, Esq. and Kimberly I. Kennedy, Esq. appeared on behalf of Plaintiff. Terrence F. Sheehy, Esq. appeared on behalf of Defendants. For the reasons stated on the record and as more fully stated herein, the motion is **GRANTED**.

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983 involving a claim for excessive force used during a cell search in violation of the Eighth Amendment. Plaintiff alleges Correctional Officers Alvarado and Sambrano ordered him out of his cell for a cell search. Plaintiff had previously made complaints against Defendant Sambrano for misconduct, including confiscating Plaintiff's personal items during a cell search and failing to return them. Plaintiff feared Officer Sambrano was retaliating against him for the complaint, and requested Defendants to call a higher-ranking officer to supervise the search. Defendants allegedly refused, and

Plaintiff refused to leave his cell. Defendants then entered the cell, sprayed Plaintiff with two cans of pepper spray, and repeatedly hit him with fists and batons. At the time of the incident, Plaintiff was recovering from a corneal transplant surgery on his right eye. As a result of the incident, Plaintiff allegedly suffered migraine headaches, decline in vision requiring another corneal transplant surgery, and other physical injuries. How the incident unfolded, whether Plaintiff assaulted Defendants or Defendants assaulted Plaintiff, is disputed and largely turns on witness credibility.

At trial Plaintiff will have to show that the force Defendants used was excessive under the Eighth Amendment. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, ellipsis and citations omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *see also id.* at 7. "[S]uch factors as the need for the application of force, the relationship between the need and the amount of the force that was used, and the extent of injury inflicted are relevant to that ultimate determination." *Whitley*, 475 U.S. at 321 (internal quotation marks, brackets and citation omitted).

Defendants intend to rely on the testimony of their use-of-force expert Robert Borg to prove the force they used was not excessive. Plaintiff filed a motion to exclude Mr. Borg's testimony in its entirety arguing that it does not require specialized knowledge, will not aid the jury, and will be unfairly prejudicial. In the alternative, Plaintiff requested that Mr. Borg should at least be precluded from giving his opinion that the use of force in this case was reasonable and not excessive. (*See* Decl. of Olga May in Supp. of Pl.'s Mot. *in Limine* ("May Decl.") Ex. D at 7.)

Federal Rule of Evidence 702 allows expert opinion testimony "[i]f scientific, technical of other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." "Expert testimony is admissible pursuant to Rule 702 if it is both

relevant and reliable." *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063 & n.7 (9th Cir. 2002) (internal quotation marks and citation omitted). "The trial court's special obligation to determine the relevance and reliability of an expert's testimony is vital to ensure accurate and unbiased decision-making by the trier of fact [and] is particularly important considering the aura of authority experts often exude, which can lead jurors to give more weight to their testimony." *Id.* at 1063-64 (footnote, internal quotation marks and citations omitted).

"Encompassed in the [relevance] determination is whether [the testimony] is helpful to the jury, which is the central concern of Rule 702." *Id.* at 1063 & n.7. To be admissible as helpful to the jury, "the expert testimony must address an issue beyond the common knowledge of the average layman." *Id.* at 1066 n. 9 (internal quotation marks and citation omitted).

In opposition to Plaintiff's motion for appointment of a use-of-force expert under Federal Rule of Evidence 706(a), which was denied by Magistrate Judge Lewis on March 12, 2009, Defendants argued in part that determining whether the force Defendants used was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm, "is not beyond the ordinary knowledge of the jury, and does not involve complex facts."[1] (Opp'n to Pl's Mot. for Appointment of Expert at 6-7.) The court agrees.

Expert testimony is not appropriate to determine how this incident unfolded. This determination in the present case depends on witness credibility. Judging the credibility of witnesses is the jury's function. No specialized knowledge is required for the jury to make credibility determinations for themselves. Furthermore, Defendants did not argue that specialized knowledge is needed to assist the jury in evaluating the evidence in light of the factors such as the need for the application of force, the relationship between the need and the amount of the force that was used, and the extent of injury inflicted. *See Whitley*, 475 U.S. at 321.

---

[1] In their opposition to this motion, Defendants argued that this applies only to the issue whether excessive force was used *from Plaintiff's perspective*. (Opp'n at 3 (emphasis in original).) No citation to legal authority is offered in support of the novel theory that there is a different determination from the plaintiff's and defendant's perspective.

Defendants argued that Mr. Borg should be allowed to testify about the correctional policies and procedures. These policies and procedures may be relevant to the issue whether Defendants acted in a good faith effort to maintain or restore discipline. However, Defendants have not shown that Mr. Borg's opinion testimony is needed to assist the jury's understanding of the policies and procedures. The parties intend to introduce into evidence the pertinent policies and procedures themselves.[2] They made available the cell extraction procedures for the court's review. (*See* Olga May Decl. in Opp'n to Defs' Mot. *in Limine* to Exclude Evidence of Cell Extraction Procedures, Ex. A & B.) These policies and procedures, as written, are not beyond the understanding of the average layman. Moreover, Defendants, who are trained in the policies and procedures and arguably followed them during the incident, will testify at trial.

At the hearing, Defendants argued for the first time that Mr. Borg should be allowed to testify about cell door malfunctions and the "prison culture." These issues are not discussed in Mr. Borg's report and this is the first time Defendants mentioned that Mr. Borg has an opinions in this regard. Under Federal Rule of Civil Procedure 26(a)(2)(B), expert reports must contain "a complete statement of opinions the witness will express . . .." The testimony Defendants propose at this late date is excluded under Rule 37(c). Furthermore, Defendants, who worked at the institution where the incident occurred, will testify at trial. They have first hand knowledge of the prison culture at the institution. The issue of cell door malfunction is relevant only if it was on Defendants' minds at the time of the incident. Defendants are the only persons who can testify to that, and they can testify about cell door performance at the relevant place and time.

In his report, Mr. Borg opined that, based on Defendants' version of the incident, their use of force was reasonable and not excessive. (*See* May Decl. Ex. D at 7.) Expert testimony concerning an ultimate issue is not *per se* improper. Fed. R. Evid. 704(a); *Mukhtar*, 299 F.3d at 1066 n.10. "However, an expert witness cannot give an opinion as to the *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law." *Mukhtar*, 299 F.3d at 1066 n.10 (emphasis in original).

---

[2] According to the parties' briefing on Defendants' motion to exclude evidence of the cell extraction procedures, a different policy applies depending on which version of the incident the jury believes.

"When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision but rather attempts to substitute the expert's judgment for the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994) (emphasis in original), cited in *Mukhtar*, 299 F.3d at 1066 n.10. Whether Defendants' use of force was unreasonable or excessive is an ultimate issue of law in this case. Accordingly, Mr. Borg's opinions in this regard are inadmissible.

Based on the foregoing, Plaintiff's motion to exclude the testimony of Defendants' use-of-force expert Robert Borg (doc. no. 282) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: July 31, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL