UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VERA JIMENEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>R. SAMBRANO,<br><br>                    Defendant. | Civil No. 04cv1833-L(PCL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE AND VACATING HEARING DATE** |

Before the court is Plaintiff's motion *in limine* to allow admission of evidence pertaining to Plaintiff's acquittal, which Defendant opposes. For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing date scheduled for January 11, 2010 at 10:30 a.m. is hereby **VACATED**.

Based on the incident giving rise to the instant case, Plaintiff was charged with battery by a prisoner on a non-prisoner and two counts of aggravated battery. After a jury trial in 2006, Plaintiff was acquitted on all counts. Plaintiff wants to refer to the acquittal during trial and Defendant opposes this request. By order dated August 26, 2009, Defendants' motion *in limine* to exclude any reference at trial to Plaintiff's acquittal of criminal charges was granted only with respect to the related exhibits and denied in all other respects without prejudice. (Order on Mot. *in limine* and Evid. Objections, Aug. 26, 2009 at 1, 3.)

/ / / / /

Plaintiff seeks leave to refer to the acquittal during trial, or in the alternative, inform the jury that he was "not convicted of any crime" based on the incident.  Plaintiff argues that the parties intend to refer to transcripts from the previous trial and documents in a packet entitled "Crime Incident Report."[1]  He contends that excluding evidence of his acquittal would present a danger of unfair prejudice, confuse the issues and mislead the jury.  Because Plaintiff is incarcerated, the exclusion of the evidence could lead the jury incorrectly to infer that he is incarcerated due to a criminal conviction arising from the incident.

"Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"  *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1989).  The issue arises because of the differing burdens of proof in civil and criminal cases.  While the prison officials were not successful in proving in the criminal case beyond a reasonable doubt that Plaintiff assaulted them, they may be able to prove it by a preponderance of the evidence as their defense in a civil case.  *See id*. at 1388; *Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994).  Accordingly, evidence of acquittal is not admissible to prove whether Plaintiff assaulted Defendants.  However, if accompanied by an appropriate limiting instruction, the evidence may be admissible for another purpose.  *See Borunda*, 885 F.2d at 1388-89 (admissible as proof of damages in the form of attorney's fees in the criminal case); *Sloman*, 21 F.3d at 1471 (admissible to rebut contention of vindictive motive for bringing civil action).

Plaintiff does not offer any specific purpose for which he intends to offer the acquittal evidence, other than as general background of the case.  The concern about the jury's potential misunderstanding of the background of the case is sufficiently addressed through Plaintiff's proposal to simply state that he was not convicted of any crime arising from the incident and, if possible without altering exhibits, re-labeling the exhibit packet to omit the word "crime."  The witness testimony is relevant given multiple references to the testimony and exhibits from the

---

[1]  Unless the any exhibits themselves are entitled "Crime Incident Report," the parties are encouraged to consider re-labeling the exhibit packet to omit reference to a crime.

criminal trial. Furthermore, because there is no reference to acquittal, the testimony will not present a danger of unfair prejudice to Defendant. Last, contrary to Defendant's argument, the testimony does not run afoul of the hearsay rule. *See* Fed. R. Evid. 803(8).

If during trial Plaintiff discovers a more specific purpose for which he needs to introduce the evidence of his acquittal, he may make a motion out of the jury's presence to address the issue. If the motion is granted, the parties shall be immediately prepared to propose an appropriate limiting instruction.

For the foregoing reasons, Plaintiff's motion to admit evidence of his acquittal is **DENIED WITHOUT PREJUDICE**. However, the motion is **GRANTED** to the extent that Plaintiff may offer witness testimony stating no more than he was not convicted of any crime arising out of the incident.

**IT IS SO ORDERED**.

DATED: January 5, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL