1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALBERTO VERA JIMENEZ,              )    Civil No. 04cv1833-L(PCL)
                                        )
12                  Plaintiff,          )    **ORDER GRANTING PLAINTIFF'S**
                                        )    **MOTION TO RETAX COSTS**
13   v.                                 )
                                        )
14   R. SAMBRANO, *et al.*,             )
                                        )
15                  Defendants.         )
                                        )
16   _____ )

17          In this is a prisoner civil rights action regarding a claim for excessive force used during a

18   cell search in violation of the Eighth Amendment, Defendants prevailed after a jury trial.  On

19   February 23, 2010, pursuant to Federal Rule of Civil Procedure 54(d), the Clerk issued an Order

20   Taxing Costs in the amount of $9,771.95.  Pursuant to Rule 54(d)(1) and Civil Local Rule

21   54.1(h), Plaintiff moved to retax costs based on his indigence and the chilling effect of a cost

22   award on other civil rights litigants.  For the reasons which follow, Plaintiff's motion is

23   **GRANTED**.

24          Under Rule 54(d)(1), "Unless a federal statute, these rules, or a court order provides

25   otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  "[T]he

26   rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the

27   district court discretion to refuse to award costs."  *The Association of Mexican-American*

28   *Educators v. State of California*, 231 F.3d 572, 579, 591 (9th Cir. 2000) (*en banc*).  In a civil

rights case, it is an abuse of discretion to deny a losing "plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) 'the chilling effect of imposing such high costs on future civil rights litigants.'"  *Id.* at 592, quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).

Plaintiff is a California state prisoner who filed the case *pro se* and *in forma pauperis*.[1] On the other hand, Defendant is represented by the California Attorney General.  Plaintiff's lack of resources and the disparity in resources between the parties are therefore  apparent.  Although Plaintiff ultimately did not prevail, his action had some merit.  It survived a motion to dismiss and a motion for summary judgment.  Initially the jury was hung as to one Defendant and only after a second jury trial were both Defendants found not liable.  Last, this is a civil rights action alleging Defendants used excessive force against Plaintiff and caused him substantial physical injury.  Awarding a large sum of costs against Plaintiff may have a chilling effect on future civil rights litigants.  All of the foregoing reasons counsel against awarding costs in this action.  *See Mexican-American Educators*, 231 F.3d at 593; *Stanley*, 178 F.3d at 1079-80.

For the foregoing reasons, Plaintiff's motion to retax costs is **GRANTED**.  No costs shall be awarded in this case.

**IT IS SO ORDERED**.

DATED:  April 29, 2010

_____
M. James Lorenz
United States District Court Judge

---

[1] After representing himself for four years and on the eve of trial, Plaintiff was able to secure *pro bono* counsel.

04cv1833